**Michelle T. Friend**
**Benjamin O. Rechtfertig**
**HEDGER FRIEND, PLLC**
**2800 Central Avenue, Suite C**
**Billings, MT 59102**
**Phone: (406) 896-4100**
**Facsimile: (406) 896-4199**
**mfriend@hedgerlaw.com**
**brechtfertig@hedgerlaw.com**

**Attorneys for BNSF Railway Company**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**HELENA DIVISION**

| | | |
|---|---|---|
| **BNSF RAILWAY COMPANY, a Delaware Corporation,** | ) | **Cause No.** |
| **Plaintiff,** | ) | **PLAINTIFF'S COMPLAINT FOR:** |
| **vs.** | ) | **(1) DECLARATORY JUDGMENT;** |
| **LAURIE ESAU, in her official capacity as Commissioner of Montana Department of Labor & Industry, and MONTANA DEPARTMENT OF LABOR & INDUSTRY,** | ) | **(2) INJUNCTIVE RELIEF** |
| **Defendants.** | ) | |

Plaintiff BNSF Railway Company ("BNSF"), by and through the undersigned counsel, respectfully petitions this Court for declaratory and injunctive relief and states as follows:

## THE PARTIES

1. BNSF is a Delaware corporation with its principal place of business in Fort Worth, Texas.

2. Defendant Laurie Esau is Commissioner of the Montana Department of Labor and Industry (the "Department") located in Helena, Montana, and is charged with the enforcement of Mont. Code Ann. § 49-2-312 through the Montana Department of Labor and Industry's Office of Administrative Hearings and Montana Human Rights Commission. She is sued in her official capacity.

3. Defendant the Department is an administrative agency of the State of Montana located in Helena, Montana.

4. BNSF files this action with respect to the Department's enforcement and findings regarding Mont. Code Ann. § 49-2-312, in cases pending before the Department.

## JURISDICTION AND VENUE

5. This case presents a federal question within the Court's jurisdiction under 28 U.S.C. § 1331.

6. Declaratory relief is authorized by 28 U.S.C. §§ 2201-02.

7. Venue is proper in this Court under 28 U.S.C. § 1391 because the Defendants reside in this District, and a substantial part of the events giving rise to this claim occurred in this District.

## FACTS

8. BNSF incorporates by reference all allegations set forth in Paragraphs 1 through 7 as if fully set forth herein.

**A. The Executive Action**

9. On September 9, 2021, in the midst of the COVID-19 pandemic, President Biden signed Executive Order 14042, Ensuring Adequate COVID Safety Protocols for Federal Contractors (the "Executive Order"). Executive Order, 86 Fed. Reg. 50985, https://perma.cc/FXR8-7GTM. The Executive Order directed executive departments and agencies to ensure that federal contractors, such as BNSF, complied with all guidance for contractor workplace locations published by the Safer Federal Workforce Task Force ("Task Force"). *Id*. at § 2.

10. The Task Force issued guidance on September 24, 2021. Task Force, COVID-19 Workplace Safety: Guidance for Federal Contractors and Subcontractors, Issued September 24, 2021, https://perma.cc/75LB-VREW. Pursuant to that guidance, all federal contractor employees, regardless of whether they worked on or in connection with a covered contract, were mandated to be fully vaccinated for COVID-19 no later than December 8, 2021, unless they were legally entitled to an accommodation. *Id*. at 5. People were not considered "fully vaccinated" until two weeks after they received the

second dose of a two-dose vaccination series, or two weeks after they received a single-dose vaccine. *Id*. at 4. The Task Force further directed that the federal contractor COVID-19 vaccination requirements were "promulgated pursuant to Federal law and supersede[d] any contrary State or local law or ordinance."[1] *Id*. at 13.

11. The Task Force issued updated guidance on November 10, 2021, extending the deadline to be fully vaccinated to January 18, 2022. Task Force, COVID-19 Workplace Safety: Guidance for Federal Contractors and Subcontractors, Updated November 10, 2021, https://perma.cc/LMD9-QNWJ at 5. The same definition of "fully vaccinated" applied, meaning a person would need to have received her vaccination shot(s) on or before January 4, 2022. *Id*. at 4.

12. On December 7, 2021, the Federal District Court for the Southern District of Georgia issued a nationwide injunction preventing enforcement of the

[1] So clear is the preemptory effect of the Executive Order that the State of Montana, in its ultimately successful attempt to enjoin the implementation of the Executive Order, cited this Task Force language as evidence of alleged "irreparable harm" to its "sovereign, quasi-sovereign, and proprietary interests," stating, "[t]herefore, if it is allowed to go into effect, the contractor mandate **will expressly supersede** state statutes, executive orders, regulations, and other policies that oppose vaccine mandates or provide State-level protection to individuals to make their own choices about vaccination." Pls.' Mem. Supt. Mot. Prelim. Inj. at 38, *Missouri, et al. v. Biden*, No. 4:21-cv-01300, E.D. Missouri (Nov. 4, 2021) (attached hereto as Ex. "A"). The State specifically called out Mont. Code Ann. § 49-2-312(1)(b), the statutory provision at issue in this matter, arguing, "[t]he contractor vaccine mandate also ostensibly preempts a recently enacted Montana statute that generally forbids employers in that State 'to refuse employment to a person, to bar a person from employment, or to discriminate against a person in compensation or in a term, condition, or privilege of employment based on the person's vaccination status.'" *Id*. at 39 (quoting § 49-2-312(1)(b)).

contractor vaccine mandate. *Georgia. et al. v. Biden*, 574 F.Supp.3d 1337 (S.D. Ga. Dec. 7, 2021).

13. The nationwide injunction was lifted, effective October 18, 2022, by order dated August 26, 2022. *Georgia, et. al v. President of the United States*, 46 F.4th 1283 (11th Cir. 2022). Despite the lifting of the nationwide injunction, the United States Office of Management and Budget ("OMB") instructed federal agencies on October 19, 2022, to not take steps to require covered contractors to come into compliance with the Task Force guidance or enforce any contract clauses implementing the Executive Order. OMB Guidance, Issued October 19, 2022, https://perma.cc/GNK3-9DR5.

14. On May 9, 2023, President Biden signed an executive order revoking the Executive Order effective May 12, 2023. *See* https://perma.cc/4ZMJ-M8H2. All prior Task Force guidance implementing the requirements of the Executive Order was also revoked. *Id*.

**B. <u>BNSF's Compliance with the Executive Order.</u>**

15. BNSF is a federal contractor as that term was used in the Executive Order.

16. On November 8, 2021, BNSF informed its employees that pursuant to the Executive Order, BNSF employees were required to have received their

COVID-19 vaccination by January 4, 2022[2], absent an allowable exemption. *See* Email Notification to BNSF Employees, Nov. 8, 2021 (attached hereto as Ex. "B"). BNSF further offered a $300 incentive payment to those employees who received their vaccination by that date. *Id*. at 2.

17. On December 8, 2021, immediately after the nationwide injunction took effect, BNSF announced an indefinite pause of its implementation of the federal COVID-19 vaccination mandate. *See* BNSF Intranet Notification to Employees, Dec. 8, 2021 (attached hereto as Ex. "D"). This pause continuously remained in effect until the Executive Order's vaccination requirement was rescinded on May 12, 2023. BNSF COVID-19 Updates, FAQs (May 12, 2023) at 1 (attached hereto as Ex. "E"). BNSF no longer requires its employees to receive a COVID-19 vaccination. *Id*.

**C. <u>Discrimination Claims Pending Before the Department</u>**

18. Nineteen BNSF employees filed administrative complaints with the Department charging that BNSF discriminated against them in employment on the basis of vaccination status under Mont. Code Ann. § 49-2-312. *See* Compls. (collectively attached hereto as Ex. "F"). Seventeen of these complaints were withdrawn by the claimants.

---

[2] This allowed employees to be "fully vaccinated," pursuant to the Task Force Guidance definition requiring two weeks to pass after the final vaccination shot, on or before January 18, 2022. *See* BNSF COVID-19 Updates, Important dates ahead of vaccine mandate deadline, November 19, 2021 (Dec. 1, 2021) (attached hereto as Ex. "C").

19. Two claimants, BNSF employees Gary Hobbs ("Hobbs") and Scott Linton ("Linton"), remain and have administrative actions currently pending before the Department as Case Nos. 1781-2022 (Hobbs) and 1782-2022 (Linton). Hobbs alleges that he was discriminated against on November 8, 2021, upon being informed of the vaccination requirement. Hobbs Compl. (Nov. 15, 2021) (attached hereto as Ex. "G"). Linton alleges that he was discriminated against on November 11, 2021, upon being informed of the vaccination requirement. Linton Compl. (Nov. 22, 2021) (attached hereto as Ex. "H").

20. The pertinent facts underlying Hobbs and Linton's administrative claims, as set forth in more detail in the respective Department Final Investigative Reports, are the same. *See* Hobbs Final Investigative Rpt. (May 5, 2022); Linton Final Investigative Rpt. (May 5, 2022) (attached hereto as Exs. "I" & "J", respectively). Both allege that BNSF discriminated against them on the basis of vaccination status when BNSF: (1) informed them that BNSF was complying with the Executive Order's vaccination mandate, which required them to become vaccinated unless they were legally entitled to an accommodation; and (2) offered a $300 financial incentive for becoming fully vaccinated by the applicable deadline. *Id*.

21. The Department issued reasonable cause findings of violations of the Montana Human Rights Act, specifically Mont. Code Ann. § 49-2-312, on May 5, 2022. *See* Exs. "I" & "J".

22. BNSF filed motions for summary judgment on September 14, 2022, arguing, in pertinent part, that dismissal of Defendants' claims was appropriate because the Executive Order's federal vaccination mandate preempted Mont. Code Ann. § 49-2-312.

23. Soon after the filing of BNSF's motion for summary judgment, the Department concluded in other matters that the Executive Order preempted Mont. Code Ann. § 49-2-312 and consequently dismissed the charging parties' complaints in those matters. *Smith v. Peraton Corp.*, OAH Case No. 1768-2022, Order on Resp.'s Mot. Dismiss (Nov. 30, 2022); *Guthneck v. Qlarant Integrity Solutions, LLC*, OAH Case No. 1736-2022, Order on Resp's Mot. Dismiss (Feb. 24, 2023) (collectively attached hereto as Ex. "K"). The Department similarly repeatedly found that an Occupational Safety and Health Administration Emergency Temporary Standard, 86 Fed. Reg. 61402, requiring employers to track employee COVID vaccination status and allowing those employers to take safety precautions to protect against COVID, including by requiring COVID vaccinations, preempted Mont. Code Ann. § 49-2-312. *Chavez v. Cabela's Wholesale, Inc.*, OAH Case No. 102-

2023, Amended Order on Resp.'s Mot. Dismiss (Oct. 13, 2022); *Berglee v. CHS, Inc.*, OAH Case No. 261-2023, Order on Mot. Dismiss (Nov. 21, 2022); *Angel v. Wells Fargo*, OAH Case No. 178-2023, Order on Mot. Dismiss (Dec. 20, 2022) (collectively attached hereto as Ex. "L"). The Department also determined that the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*, preempted Mont. Code Ann. § 49-2-312, in a matter involving an employer incentivizing employees to become vaccinated against COVID by charging unvaccinated employees an extra $100 per month for health insurance. *McKenzie v. Lincare, Inc.*, OAH Case No. 300-2023, Order Granting Mot. Dismiss (Jan. 24, 2023) (attached hereto as Ex. "M").

24. However, the Montana Human Rights Commission, on March 27, 2023, reversed and remanded the hearing officer's preemption determination in *Chavez* on the basis that "[c]onstitutional questions, such as federal preemption of state law, are properly decided by a judicial body, not an administrative official, under the constitutional principle of separation of powers." *Chavez v. Cabela's Wholesale, LLC*, HRB Case No. 0220267, Remand Order (March 27, 2023) (citing Art. III, Section 1, 1972 Mont. Const.; *Jarussi v. Bd. of Trs.*, 204 Mont. 131, 135-36, 664 P.2d 316, 318 (1983) (attached hereto as Ex. "N").

25. The Department denied BNSF's motions for summary judgment on April 10, 2023, relying on the Commission's determination in *Chavez* concluding, in pertinent part, that the Department "is without authority to make a determination concerning federal preemption of state law." Hobbs Order (Apr. 10, 2023); Linton Order (Apr. 10, 2023) (attached hereto as Exs. "O" & "P", respectively).

26. Hobbs and Linton have contested case hearings scheduled before the Department's Office of Administrative Hearings on August 31, 2023, and August 16, 2023, respectively.

## CAUSE OF ACTION

### COUNT ONE

### Declaratory Judgment – Federal Supremacy Clause Preemption

27. BNSF incorporates by reference all allegations set forth in Paragraphs 1 through 26 as if fully set forth herein.

28. The exhaustion of administrative remedies doctrine does not apply to this declaratory judgment action involving a pure legal question of constitutional interpretation. *Jarussi v. Bd. of Trustees*, 204 Mont. 131, 135-136, 664 P.2d 316, 318 (1983); *Shoemaker v. Denke*, 2004 MT 11, ¶ 20, 84 P.3d 4; *North Star Development, LLC v. Montana Public Service Commission*, 2022 MT 103, ¶ 16, 510 P.3d 1232.

29. Pursuant to Mont. Code Ann. § 49-2-312(1) it is "an unlawful discriminatory practice" for:

> (a) a person . . . to refuse, withhold from, or deny to a person any . . . employment opportunities based on the person's vaccination status . . .; [or]
>
> (b) an employer to refuse employment to a person, to bar a person from employment, or to discriminate against a person in compensation or in a term, condition, or a privilege of employment based on the person's vaccination status[.]

30. The Executive Order requiring federal contractor COVID vaccination, while in effect and at the time of the alleged discrimination, had the force of federal law, and the resulting Task Force Guidance was explicitly "promulgated pursuant to Federal law and supersede[d] any contrary State or local law or ordinance." Task Force, COVID-19 Workplace Safety: Guidance for Federal Contractors and Subcontractors, Issued September 24, 2021, https://perma.cc/75LB-VREW at 13.

31. The Supremacy Clause of the United States Constitution identifies the Constitution and "the Laws of the United States" as "the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI cl. 2.

32. A Presidential executive order tied to some delegation of legislative authority by Congress has the force of law. *See Mayes v. Biden,* 67 F.4th 921, 939-42

(9th Cir. 2023) (relatedly finding the Contractor Mandate within the Executive Order falls within the President's authority under the Procurement Act.)

33. To the extent state law prohibits practices that are lawful under federal law, state law is preempted. *Shaw v. Delta Air Lines*, 463 U.S. 85, 108 (1983). A federal statute can preempt a state statute; a federal statute can preempt a state tort suit; a federal regulation can preempt a state statute; and a federal regulation can preempt a state tort suit. *Williamson v. Mazda Motor of Am., Inc.*, 562 U.S. 323, 330, 131 S.Ct. 1131, 1136 (2011) (internal citations omitted); *Hillsborough Cnty. v. Auto. Med. Labs., Inc.*, 471 U.S. 707, 713, 105 S.Ct. 2371, 85 L.Ed.2d 714 (1985) (federal regulations may preempt state law).

34. Preemption can be express or implied. When there is an express preemption clause, courts focus on the plain wording of the clause to determine preemptive intent. *Puerto Rico v. Franklin Cal. Tax-Free Trust*, 579 U.S. 115, 125 (2016). Preemptive intent may also be implied "if the scope of the statute indicates that Congress intended federal law to occupy the legislative field, or if there is an actual conflict between state and federal law." *Altria Group, Inc. v. Good*, 555 U.S. 70, 76-77, 129 S.Ct. 538, 172 L.Ed.2d 398 (citation omitted). If a state statute conflicts with or frustrates federal law, it must cede. *Maryland v. Louisiana*, 451 U.S. 725, 746 (1981).

35. The Executive Order's Task Force guidance included a specific express preemption clause regarding vaccination status of federal contract employees. The plain wording of the clause established express preemptive intent, providing a clear basis for federal preemption of Mont. Code Ann. § 49-2-312(1)(a) & (b).

36. Mont. Code Ann. § 49-2-312(1)(a) & (b) prohibiting an employer from mandating that their employees receive the COVID vaccination also directly conflicted with and frustrated the Executive Order requiring such vaccination of federal contractor employees and, as such, is preempted by federal law.

**COUNT TWO**

**Preliminary and Permanent Injunctive Relief**

37. BNSF incorporates by reference all allegations set forth in Paragraphs 1 through 35 as if fully set forth herein.

38. BNSF is entitled to a preliminary and permanent injunction enjoining the Department from further enforcing Mont. Code Ann. § 49-2-312 as against BNSF in matters involving BNSF following the mandates of the Executive Order. This includes, but is not limited to, the matters brought by Hobbs and Linton and their upcoming August 2023 contested case hearings.

## REQUEST FOR RELIEF

WHEREFORE, BNSF requests that this Court enter a declaratory judgment:

a. Finding that Mont. Code Ann. § 49-2-312 is preempted by the Executive Order;
b. Preliminarily and permanently enjoin Defendant Esau and the Department officers, agents, employees, and attorneys, from enforcing Mont. Code Ann. § 49-2-312 against BNSF in matters involving BNSF following the mandates of the Executive Order, including the matters brought by Hobbs and Linton and their August 2023 contested case hearings;
c. Ordering that Defendants pay BNSF's reasonable attorney fees and costs; and
d. Awarding BNSF such other relief as the Court may deem proper.

DATED this 26th day of June, 2023.

HEDGER FRIEND, PLLC

By: /s/ Michelle T. Friend
Attorney for BNSF Railway Company