Lindsey R. Simon
Jennifer Stallkamp
Agency Counsel
Montana Department of Labor and Industry
P.O. Box 1728
Helena, MT 59624-1728
Telephone:  (406) 444-5466
Email:  *Lindsey.Simon2@mt.gov*
      *JeStallkamp@mt.gov*

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BNSF RAILWAY COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN ELIZANDRO, in his official capacity as acting Commissioner of the Montana Department of Labor and Industry, and MONTANA DEPARTMENT OF LABOR AND INDUSTRY.<br><br>Defendants. | Case No. 6:23-cv-00043-SEH<br><br>BRIEF IN SUPPORT OF MONTANA DEPARTMENT OF LABOR AND INDUSTRY'S MOTION TO DISMISS COMPLAINT |

## I.    INTRODUCTION

The Montana Department of Labor and Industry (Department), an executive

agency of the State of Montana, moves to dismiss all claims against it pursuant to

Fed. R. Civ. 12(b)(6) on the grounds of Eleventh Amendment sovereign immunity.

## II. LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim "tests the legal sufficiency of a claim." *Whipple v. Mann Mortgage, LLC*, No. CV 13-188-M-DWM-JCL, 2014 U.S. Dist. LEXIS 50756, *7 (D. Mont. Feb. 18, 2014) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). Dismissal under Rule 12(b)(6) is proper if there exists a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Id.* at *7 (citing *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990)). When evaluating a motion to dismiss, all allegations of material fact are assumed to be true and are construed in the light most favorable to the non-moving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). This principle does not apply to legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. THE DEPARTMENT MUST BE DISMISSED AS A DEFENDANT BECAUSE, AS A STATE AGENCY, IT IS ENTITLED TO SOVEREIGN IMMUNITY PURSUANT TO THE ELEVENTH AMENDMENT OF THE U.S. CONSTITUTION

The *Complaint* purports to seek relief against the Department despite pleading that it is "an administrative agency of the State of Montana." (Doc. 1, ¶ 3). Because the Department is an administrative agency of the State of Montana, it

is not subject to suit pursuant to the Eleventh Amendment to the United States Constitution.

"There can be no doubt" that the Eleventh Amendment bars suit against a state unless the state has consented to being sued. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). This also applies to a suit against a state agency. *See, e.g.*, *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–68 (1997). "This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974) ("[T]his Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state."), *overruled on other grounds by Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989); *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991).

Without dispute, the Department is an executive agency of the State of Montana. Mont. Const. Art. XII, § 2(1) ("The legislature shall provide for a Department of Labor and Industry, headed by a Commissioner appointed by the governor and confirmed by the senate."); *see also* Mont. Code Ann. § 2-15-1701. Plaintiff's effort to sue the Department is prohibited by Eleventh Amendment sovereign immunity, and thus all allegations and prayers for relief against the

Department must be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

## IV.   CONCLUSION

Based upon the foregoing, the Montana Department of Labor and Industry respectfully requests that the Court dismiss it as a defendant on the grounds that it is immune from suit under Eleventh Amendment sovereign immunity.

DATED this 27th day of July 2023.

> */s/ Lindsey R. Simon*
> Lindsey R. Simon
> Montana Department of Labor and Industry
> Attorney for Department

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(d)(2)(E), I certify that this *Brief in Support of Defendant Montana Department of Labor and Industry's Motion to Dismiss Complaint* is printed with proportionately spaced Times New Roman text typeface of 14 points; is double spaced; and the word count, calculated by Microsoft Word for Windows is 560 words long, excluding caption, certificates of service and compliance, and if required, any tables of contents and authorities, and exhibit index.

> */s/ Lindsey R. Simon*
> LINDSEY R. SIMON

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing document with the clerk of the court for the United States District Court for the District of Montana, using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

DATED this 27th day of July 2023.

>*/s/ Lindsey R. Simon*
>Lindsey R. Simon
>Montana Department of Labor and Industry
>Attorney for Department